# EXHIBIT A

# EXHIBIT A

Electronically Filed
12/19/2013 09:22:29 AM

CLERK OF THE COURT

COMP
Mark R. Thierman, Nev. Bar No. 8285
Joshua D. Buck, Nev. Bar No. 12187
THIERMAN LAW FIRM, P.C.
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiffs*

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| PABLO C. MARTINEZ and TYRONE ARMSTRONG, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VICTORIA PARTNERS dba MONTE CARLO RESORT AND CASINO, and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No.: A-13-693380-C<br><br>Dept. No.:   XXIII<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**(EXEMPT FROM ARBITRATION PURSUANT TO NAR 5)**<br><br>1) Failure to Pay Wages for All Hours Worked in Violation of 29 U.S.C. § 201, et. seq;<br>2) Failure to Pay Overtime in Violation of 29 U.S.C. § 207;<br>3) Failure to Compensate for All Hours Worked in Violation of NRS 608.140 and 608.016;<br>4) Failure to Pay Minimum Wages in Violation of the Nevada Constitution and NRS 608.250;<br>5) Failure to Pay Overtime in Violation of NRS 608.140 and 608.018;<br>6) Failure to Timely Pay All Wages Due and Owing in Violation of NRS 608.140 and 608.020-050; and<br>7) Breach of Contract. |

- 1 -
COLLECTIVE AND CLASS ACTION COMPLAINT

COME NOW Plaintiffs PABLO C. MARTINEZ, and TYRONE ARMSTRONG ("Plaintiffs") on behalf of themselves and all others similarly situated and allege the following:

All allegations in this Complaint are based upon information and belief except for those allegations that pertain to the Plaintiffs named herein and their counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over both state and federal claims alleged herein. This Court has original jurisdiction over the state law claims alleged herein because the amount in controversy exceeds $10,000 and a party seeking to recover unpaid wages has a private right of action pursuant to Nevada Revised Statute ("NRS") sections 608.050, 608.250, and 608.140. *See also Csomos v. Venetian Casino Resort, LLC*, 2011 Nev. Unpub. LEXIS 1629 (Nev. 2011) ("The legislative scheme is consistent with a private cause of action for employees and the Legislature enacted the statute to protect employees, supporting a private cause of action under NRS 608.040.);[1] *Busk v. Integrity Staffing Solutions, Inc.*, 2013 U.S. App. LEXIS 7397 (9th Cir. Nev. Apr. 12, 2013) ("Nevada Revised Statute § 608.140 does provide a private right of action to recoup unpaid wages."); *Doolittle v. Eight Judicial Dist. Court*, 54 Nev. 319, 15 P.2d 684; 1932 Nev. LEXIS 34 (Nev. 1932) (recognizing that former employees have a private cause of action to sue their employer (as well as third party property owners where the work was performed) for wages and waiting penalties under NRS 608.040 and NRS 608.050). This Court has jurisdiction over the federal claims alleged herein pursuant to Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2. Plaintiffs are seeking to recover unpaid wages due pursuant to Nevada statutory authority and pursuant to an agreement (implied by law and fact) to pay for all hours worked and/or under the wage laws of the State of Nevada. Plaintiffs therefore have a private right of

---

[1] "There is no bar to citing a published or unpublished decision from another circuit, regardless of its precedential value within the other circuit." *American Economy Ins. Co. v. Reboans, Inc.*, 900 F. Supp. 1246, 1257 (N.D. Cal. 1995); Fed R. App. Proc. 32.1 and Ninth Circuit Rule 36-3.

action pursuant to Nevada Revised Statute ("N.R.S.") §§ 608.040 and 608.140 as well as a claim for at least minimum wages for all hours worked "off the clock" pursuant to NRS §608.260 and Section 16 of Article 15 of the Nevada State Constitution. Plaintiffs made a proper demand for wages due pursuant to NRS 608.140 and by agreement of the parties, all statute of limitations were tolled as if this complaint had been filed on October 1, 2013.

3. Venue is proper in this Court because one or more of the Defendants named herein maintains a principal place of business or otherwise is found in this judicial district and many of the acts complained of herein occurred in Clark County, Nevada.

## PARTIES

4. Plaintiff PABLO C. MARTINEZ is a natural person who is and was a resident of the State of Nevada at all relevant times herein and has been employed by Defendant as a non-exempt hourly employee in its Las Vegas casino within the last three years.

5. Plaintiff TYRONE ARMSTRONG, is a natural person who is and was a resident of the State of Nevada at all relevant times herein and was formerly employed by Defendant as a non-exempt hourly employee in its Las Vegas casino within the last three years.

6. Defendant VICTORIA PARTNERS dba MONTE CARLO RESORT AND CASINO (hereinafter "Defendant" or "Monte Carlo") is a Nevada corporation with a principal place of business at 3770 South Las Vegas Boulevard, Las Vegas, NV and is an employer engaged in commerce under the provisions of the Fair Labor Standards Act, 29 U.S.C. §201 et seq.

7. The identity of DOES 1-50 is unknown at this time and this Complaint will be amended at such time when the identities are known to Plaintiffs. Plaintiffs are informed and believe that each of Defendants sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "Defendant," "Defendants," or "Monte Carlo" herein shall mean "Defendants and each of them."

## FACTUAL ALLEGATIONS

8. At all times relevant herein, Plaintiffs were and/or are employed at an hourly wage in excess of $16.00 an hour plus benefits pursuant their agreements with Defendant herein.

9. Like all agreements, Defendant's agreement with its employees includes and or implies an agreement to comply with all state and federal laws, and in particular, the labor laws of the state of Nevada.

10. During the relevant time period alleged herein, Plaintiffs were required by Defendant to retrieve and return cash money from a so-called "satellite bank" or "cashier cage" (hereinafter referred to as "satellite bank") prior to the start and after the end of their regularly scheduled shift each and every day without being compensated for engaging in these principal work activities. By maintaining and enforcing this policy, Defendant forced Plaintiffs to perform work "off-the-clock".

11. During the relevant time period alleged herein, Plaintiffs were required by Defendant to attend pre-shift meetings prior to the start of their regularly scheduled shift each and every day without being compensated for engaging in these principal work activities. By maintaining and enforcing this policy, Defendant again forced Plaintiffs to perform work "off-the-clock".

12. The total amount of time spent off-the-clock measured from the point in time when Plaintiffs completed their first principal work activity until they actually clocked-in and started receiving compensation was approximately 15-30 minutes each and every workday. Similarly, the total amount of time spent off-the-clock measured from the point in time when Plaintiffs completed their last principal work activity from the point in time when they actually clocked-out was approximately 15-30 minutes each and every workday. In sum, Plaintiffs worked approximately 30-60 minutes off-the-clock and without compensation.

13. The putative class alleged herein can readily ascertained and defined by reviewing Defendant's time and data records. Indeed, putative class members were required to deposit their cash bank into a cash dispensing machine at the end of their respective workday (albeit off-the-clock), which would generate a receipt with the date and time when the cash was deposited. Accordingly, the putative Class can be found by cross-referencing putative class members' time clock data with the cash collection machine data.

- 4 -
COLLECTIVE AND CLASS ACTION COMPLAINT

14. Counsel for Plaintiffs in this case filed a lawsuit against Aria Resort & Casino, (one of the properties of Defendant's parent company MGM Resorts International) for the exact same violations as alleged herein on June 19, 2012. *See DARLENE LEWIS, on behalf of themselves and all others similarly situated, Plaintiff, vs. ARIA RESORT & CASINO, LLC, and DOES 1-50,* Clark County District Court, 8th Judicial District of the State of Nevada, Case No. A-12-663812-C, Dept. 31 (June 19, 2012) (hereinafter referred to as the "Lewis Action").

15. Upon information and belief, Defendant instituted a company-wide policy change relating to the satellite banking procedure a few months after the Lewis Action was filed.

16. Sometime on or about the fall of 2012, Defendant installed time-clocks in the satellite banking area and required Plaintiffs to clock-in before engaging in any banking activities at the beginning of the day and clock-out after completing the banking activities at the end of the day.

17. Despite Defendant's attempt to remedy its pay practices after the Lewis Action was filed, Defendant made no attempt to pay retroactively for hours worked off the clock by employees who had a cash bank.

18. In addition, despite changing its operational policy by installing time clocks, Defendant continues to this day to violate federal and state wage and hour laws even under its new system. Under its current policy, Defendant now requires Plaintiffs to clock-in at the satellite bank and engage in the requisite banking activities 7-minutes prior to the start of their regularly scheduled shift and attend pre-shift meetings but rounds Plaintiffs' time to the nearest hour; thereby yet again requiring Plaintiffs to engage in banking activities without compensation. Upon information and belief, this same improper and fictitious rounding of hours occurs at the end of Plaintiffs' workday.

**COLLECTIVE AND CLASS ACTION ALLEGATIONS**

19. Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

20. Plaintiffs bring this action on behalf of themselves and all other similarly situated and typical employees as both a collective action under the FLSA and a true class action under Nevada law.

21. The statute of limitations under the FLSA is 3 years for willful violations.

22. The statute of limitations for violation of a statutory duty under Nevada law is 3 years.

23. The statute of limitations for breach of a contract under Nevada law is 6 years

24. The FLSA Class is defined as follows: **All current and former non-exempt employees who were employed by Defendant during the relevant time period and who were required to carry or use a cash bank in carrying out their employment tasks and/or attend pre-shift meetings.**

25. The Nevada State Class is defined as follows: **All current and former non-exempt employees who were employed by Defendant during the relevant time period and who were required to carry or use a cash bank in carrying out their employment tasks and/or attend pre-shift meetings.**

26. With regard to the conditional certification mechanism under the FLSA, Plaintiffs are similarly situated to those that they seek to represent for the following reasons, among others:

    A. Defendant employed Plaintiffs as hourly employees who did not receive pay for all hours that Defendant suffered or permitted them to work, and did not receive overtime premium pay of one and one half their regular rate of pay for all hours worked over forty (40) hours in a workweek.

    B. Plaintiffs' situations are similar to those they seek to represent because Defendant failed to pay Plaintiffs and all other Class Members for all time they were required to work, including time spent performing off-the-clock banking activities and/or pre-shift meetings without compensation.

    C. Common questions exists whether the time spent by Plaintiffs and all other Class Members engaging in off-the-clock banking activities and/or pre-shift meetings is compensable under federal law and whether Defendant failed to pay Plaintiffs and Class

Members one and one half times their regular rate for all hours worked in excess of 40 hours a week.

D. Upon information and belief, Defendant employs, and has employed, in excess of 500 Class Members within the applicable statute of limitations.

E. Plaintiffs have filed or will file their consents to sue with the Court.

F. Defendant has for many months known or should have known its policies alleged herein were unlawful and that owes employees this money, and has willfully failed to pay its employees properly.

27. Pursuant to the recent decision of the Ninth Circuit Court of Appeals in *Busk v. Integrity Staffing Solutions, Inc.*, 2013 U.S. App. LEXIS 7397 (9th Cir. Nev. Apr. 12, 2013), both opt-in collective or representative treatment of claims under the federal FLSA and FRCP Rule 23 Class treatment of pendant state law claims are appropriate in the same action. Therefore, FRCP Rule 23(b)(3) Class treatment for all non-FLSA claims alleged in this complaint is appropriate in this case for the following reasons:

A. <u>The Class is Sufficiently Numerous</u>: Upon information and belief, Defendant employs, and has employed, in excess of 500 Class Members within the applicable statute of limitations.

B. <u>Plaintiffs' Claims are Typical to Those of Fellow Class Members</u>: Each Class Member is and was subject to the same practices, plans, or policies as Plaintiffs—Defendant required Class Members required to perform off-the-clock banking activities and/or pre-shift meetings without compensation.

C. <u>Common Questions of Law and Fact Exist</u>: Common questions of law and fact exist and predominate as to Plaintiffs and the Class, including, without limitation: Whether the time spent by Plaintiffs and Class Members engaging in off-the-clock banking activities and/or pre-shift meetings is compensable under Nevada law.

D. <u>Plaintiffs are an Adequate Representative of the Class</u>: Plaintiffs will fairly and adequately represent the interests of the Class because Plaintiffs are a member of the

Class, they have issues of law and fact in common with all members of the Class, and they do not have interests that are antagonistic to Class members.

E. <u>A Class Action is Superior</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense. Furthermore, the expenses and burden of individualized litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

## FIRST CAUSE OF ACTION

Failure to Pay Wages in Violation of the FLSA, 29 U.S.C. § 201, *et seq*.

(On Behalf of Plaintiffs and the FLSA Class Against Defendant)

28. Plaintiffs reallege and incorporate by reference all the paragraphs above in this Complaint as though fully set forth herein.

29. Pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*, Plaintiffs and Class Members are entitled to compensation at their regular rate of pay or minimum wage rate, whichever is higher, for all hours actually worked.

30. 29 U.S.C. § 206(a)(l) states that "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than (A) $5.85 an hour beginning on the 60th day after the enactment of the Fair Minimum Wage Act of 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and C) $7.25 an hour, beginning 24 months after that 60th day."

31. By failing to compensate Plaintiffs and Class Members for the time spent engaging in off-the-clock activities identified above, Defendant failed to pay Plaintiffs and the Class Members for all hours worked.

32. Defendant's unlawful conduct has been widespread, repeated, and willful. Defendant knew or should have known that its policies and practices have been unlawful and unfair at the time and again when its sister subsidiary settled the Aria case cited above.

33. The actions of Defendant were wilful and deliberate and without good cause, and the relevant time period is three years from Oct. 1, 2013 until the date of judgment after trial.

34. Wherefore, Plaintiffs demand for themselves and for all others similarly situated, that Defendant pay Plaintiffs and all other members of the Class their minimum hourly wage rate or their regular rate of pay, whichever is greater, for all hours worked during the relevant time period alleged herein together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

## SECOND CAUSE OF ACTION

Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207

(On Behalf of Plaintiffs and the FLSA Class Against Defendant)

35. Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

36. 29 U.S.C. Section 207(a)(1) provides as follows: "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

37. Once the work day has begun, all time suffered or permitted by the employer to be worked by the employee is compensable at the employee's regular rate of pay, whether scheduled or not.

38. By failing to compensate Plaintiffs and Class Members for the time spent engaging in off-the-clock activities identified above, Defendant failed to pay Plaintiffs and Class Members overtime for all hours worked in excess of forty (40) hours in a week in violation of 29 U.S.C. Section 207(a)(1).

39. Defendant's unlawful conduct has been widespread, repeated, and willful. Defendant knew or should have known that its policies and practices have been unlawful and unfair.

40. The actions complained of herein were willful and deliberate and without good cause, and the relevant time period is three from Oct. 1, 2013 until the date of judgment after trial.

41. Wherefore, Plaintiffs demand for themselves and for all others similarly situated, that Defendant pay Plaintiffs and all members of the Class one and one half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours a week during the relevant time period alleged herein together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

### THIRD CAUSE OF ACTION

Failure to Pay Wages for All Hours Worked in Violation of NRS 608.140 and 608.016

(On Behalf of Plaintiffs and the Nevada Class Against Defendant)

42. Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

43. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

44. NRS 608.016 states that "An employer shall pay to the employee wages for each hour the employee works." Hours worked means anytime the employer exercises "control or custody" over an employee. See NRS 608.011 (defining an "employer" as "every person having control or custody . . . of any employee."). Pursuant to the Nevada Administrative Code, hours worked includes "all time worked by the employee at the direction of the employer, including

time worked by the employee that is outside the scheduled hours of work of the employee." NAC 608.115(1).

45. By failing to compensate Plaintiffs and Class Members for the time spent engaging in off-the-clock activities identified above, Defendant failed to pay Plaintiffs and Class Members for all hours worked in violation of NRS 608.140 and 608.016.

46. Although the statute of limitations for minimum wage violations is two years, there is no express statute of limitations for violations of NRS 608.140 and 608.016 and, therefore, the three-year statute contained in NRS 11.190(3) for statutory violations applies.

47. Wherefore, Plaintiffs demand for themselves and for all Class Members payment by Defendant at the regular hourly rate of pay for all hours worked during the relevant time period alleged herein together with attorneys' fees, costs, and interest as provided by law.

### FOURTH CAUSE OF ACTION

Failure to Pay Minimum Wages in Violation of the Nevada Constitution and NRS 608.250

(On Behalf of Plaintiffs and the Nevada Class Against Defendant)

48. Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

49. Article 15 Section 16 of the Nevada Constitution sets forth the requirements the minimum wage requirements in the State of Nevada and further provides that "[t]he provisions of this section may not be waived by agreement between an individual employee and an employer. . . . An employee claiming violation of this section may bring an action against his or her employer in the courts of this State to enforce the provisions of this section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of this section, including but not limited to back pay, damages, reinstatement or injunctive relief. An employee who prevails in any action to enforce this section shall be awarded his or her reasonable attorney's fees and costs."

50. Article 15, Section 16 of the Constitution does not contain any statute of limitations. There is a written agreement of employment at will, and for an hourly rate of pay.

1 Therefore the relevant statute of limitations is contained in NRS 11.190(1)(obligation founded upon instrument)

51. NRS 608.250 (1) provides that "Except as otherwise provided in this section, the Labor Commissioner shall, in accordance with federal law, establish by regulation the minimum wage which may be paid to employees in private employment within the State. The Labor Commissioner shall prescribe increases in the minimum wage in accordance with those prescribed by federal law, unless the Labor Commissioner determines that those increases are contrary to the public interest."

52. NRS 608.260 states "If any employer pays any employee a lesser amount than the minimum wage prescribed by regulation of the Labor Commissioner pursuant to the provisions of NRS 608.250, the employee may, at any time within 2 years, bring a civil action to recover the difference between the amount paid to the employee and the amount of the minimum wage. A contract between the employer and the employee or any acceptance of a lesser wage by the employee is not a bar to the action."

53. By failing to compensate Plaintiffs and Class Members for the time spent engaging in off-the-clock activities identified above, Defendant failed to pay Plaintiffs and Class Members for all hours worked in violation of the Nevada Constitution and NRS 608.250.

54. Wherefore, Plaintiffs demand for themselves and for all Class Members payment by Defendant at their regular hourly rate of pay or the minimum wage rate, whichever is higher, for all hours worked during the relevant time period alleged herein together with attorneys' fees, costs, and interest as provided by law?

**FIFTH CAUSE OF ACTION**

Failure to Pay Overtime Wages in Violation of NRS 608.140 and 608.018

(On Behalf of Plaintiffs and the FLSA Class Against Defendant)

55. Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

56. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

57. NRS 608.018(1) provides as follows:

An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works: (a) More than 40 hours in any scheduled week of work; or (b) More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.

58. NRS 608.018(2) provides as follows:

An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works more than 40 hours in any scheduled week of work.

59. By failing to compensate Plaintiffs and Class Members for the time spent engaging in off-the-clock activities identified above, Defendant failed to pay Plaintiffs and Class Members daily overtime premium pay for all hours worked over eight (8) hours in a workday to those Class Members who were paid a regular rate of less than one and one half times the minimum wage premium pay and, failed to pay a weekly premium overtime rate of pay of time and one half their regular rate for all members of the Class who worked in excess of forty (40) hours in a week in violation of NRS 608.140 and 608.018.

60. Although the statute of limitations for minimum wage violations is two years, there is no express statute of limitations for violations for failure to pay overtime rates of pay pursuant to NRS 608.140 and 608.018 and, therefore, the three-year statute contained in NRS 11.190(3) for statutory violations applies.

61. Wherefore, Plaintiffs demand for themselves and for Class Members that Defendant pay Plaintiffs and Class Members one and one half times their "regular rate" of pay for all hours worked in excess of eight (8) hours in a workday and in excess of forty (40) hours a workweek during the relevant time period alleged herein together with attorneys' fees, costs, and interest as provided by law.

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

### SIXTH CAUSE OF ACTION

Failure to Timely Pay All Wages Due and Owing Upon Termination Pursuant to NRS 608.140 and 608.020-.050

(On Behalf of Plaintiffs and the Nevada Class Against Defendant)

62. Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

63. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

64. NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

65. NRS 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30-days, whichever is less."

66. NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default."

67. By failing to pay Class Members who are former employees of Defendant for all hours worked in violation of the federal and state laws identified herein, Defendant has failed to timely remit all wages due and owing to Class Members who are former employees.

68. Despite demand, Defendant willfully refuses and continues to refuse to pay Class Members who are former employees all the wages that were due and owing upon the termination of their employment.

69. Wherefore, Plaintiffs demand thirty (30) days wages under NRS 608.140 and 608.040, and an additional thirty (30) days wages under NRS 608.140 and 608.050, for all Class Members who have terminated employment from Defendant during the relevant time period alleged herein, together with attorneys' fees, costs, and interest as provided by law.

### SEVENTH CAUSE OF ACTION

Breach of Contract

(On Behalf of Plaintiffs and the Nevada Class Against Defendant)

70. Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

71. At all times relevant herein, Defendant had an agreement with Plaintiffs and with every Class Member to pay an agreed upon hourly wage rate for all hours they worked for Defendant. Indeed, Defendant offered to pay Plaintiffs and Class Members a specific rate of pay in exchange for Plaintiffs and Class Members' promise to perform work for Defendant.

72. The parties' employment agreement necessarily incorporated all applicable provisions of both state and federal law, including especially the labor laws of the State of Nevada.

73. Defendant beached its agreement with Plaintiffs and Class Members by failing to compensate them for all hours worked, namely the hours spent performing work activities off-the-clock, at the agreed upon rate of pay.

74. As a result of Defendant's breach, Plaintiffs and Class Members have suffered economic loss that includes lost wages and interest.

75. Wherefore, Plaintiffs demand for themselves and for Class Members that Defendant pay Plaintiffs and Class Members their agreed upon rate of pay for all hours worked off the clock during the relevant time period alleged herein together with attorney's fees, costs, and interest as provided by law.

### PRAYER FOR RELIEF

Wherefore Plaintiffs, by themselves and on behalf of all Class Members, pray for relief as follows relating to their collective and class action allegations:

1. For an order conditionally certifying this action under the FLSA and providing notice to all members of the Class so they may participate in this lawsuit;

2. For an order certifying this action as a traditional class action under Nevada Rule of Civil Procedure Rule 23 for all other claims presented in this complaint;;

3. For an order appointing Plaintiffs as the Representatives of the Class and their counsel as Class Counsel;

4. For damages according to proof for regular rate pay under federal laws for all hours worked;

5. For damages according to proof for minimum rate pay under federal law for all hours worked;

6. For damages according to proof for overtime compensation under federal law for all hours worked over 40 per week;

7. For liquidated damages pursuant to 29 U.S. C. § 216(b);

8. For damages according to proof for regular rate pay under NRS 608.140 and 608.016 for all hours worked;

9. For damages according to proof for minimum wage rate pay under the Nevada Constitution and NRS 608.250 for all hours worked;

10. For damages according to proof for overtime compensation under NRS 608.140 and 608.018 for all hours worked for those employees who earned a regular rate of less than one and one half times the minimum wage for hours worked in excess of 8 hours per day and/or for all subclass members for overtime premium pay of one and one half their regular rate for all hours worked in excess of 40 hours per week;

11. For waiting time penalties pursuant to NRS 608.140 and 608.040-.050;

12. For damages pursuant to Defendant's breach of contract;

13. For interest as provided by law at the maximum legal rate;

14. For reasonable attorneys' fees authorized by statute;

15. For costs of suit incurred herein;

16. For pre-judgment and post-judgment interest, as provided by law, and

17. For such other and further relief as the Court may deem just and proper.

DATED: December 18, 2013

/s/Mark R. Thierman
Mark R. Thierman
Joshua D. Buck

Attorneys for Plaintiff

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net