1  Mark R. Thierman, Nev. Bar No. 8285
2  Joshua D. Buck, Nev. Bar No. 12187
3  Leah L. Jones, Nev. Bar No. 13161
   THIERMAN LAW FIRM, P.C.
4  7287 Lakeside Drive
   Reno, Nevada 89511
5  Tel. (775) 284-1500
   Fax. (775) 703-5027
6  *Attorneys for Plaintiffs*

7  Elayna J. Youchah, Nev. Bar No. 5837
   JACKSON LEWIS P.C.
8  3800 Howard Hughes Parkway
   Suite 600
9  Las Vegas, NV 89169
10 Tel. (702) 921-2460
   Fax: (702) 921-2461
11 *Attorneys for Defendant*

**FILED** DEC 10 2014
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PABLO C. MARTINEZ and TYRONE ARMSTRONG, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>VICTORIA PARTNERS d/b/a MONTE CARLO RESORT AND CASINO; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:14-cv-00144-APG-NJK<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

The above-referenced putative class action ("Action") having come before the Court on December 10, 2014, for a hearing and this Final Order Approving Class Action Settlement and Judgment ("Court's Final Order and Judgment"), consistent with the Court's Preliminary

Approval Order ("Preliminary Approval Order"), filed and entered September 8, 2014, and as set forth in the Joint Stipulation of Settlement and Release Between Plaintiff and Defendant ("Stipulation of Settlement" or "Settlement") in the Action, and due and adequate notice having been given to all Class Members as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed and good cause appearing therefore, it is hereby ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. All terms used herein shall have the same meaning as defined in the Stipulation of Settlement.

2. This Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Class Members.

3. Distribution of the Notice and the Exclusion Form directed to the Class Members as set forth in the Stipulation of Settlement and the other matters set forth therein have been completed in conformity with the Preliminary Approval Order, including individual notice to all Class Members who could be identified through reasonable effort, and as otherwise set forth in the Stipulation of Settlement. The Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation of Settlement, to all persons entitled to such Notice, and the Notice fully satisfied the requirements of due process. All Class Members and all Released Claims are covered by and included within the Settlement and the Court's Final Order and Judgment.

4. The Court hereby finds the Settlement was entered into in good faith. The Court further finds that Plaintiffs have satisfied the standards and applicable requirements for final approval of this class action settlement.

5. The Court hereby approves the Settlement set forth in the Stipulation of Settlement and finds the Settlement is, in all respects, fair, adequate and reasonable, and directs the Parties to effectuate the Settlement according to its terms. The Court finds that the Settlement has been reached as a result of intensive, serious and non-collusive, arms-length

negotiations.  The Court further finds the Parties have conducted extensive and costly investigation and research, and counsel for the Parties are able to reasonably evaluate their respective positions.  The Court also finds the Settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of the Action.  The Court has reviewed the benefits that are being granted as part of the Settlement and recognizes the significant value to the Class Members.  The Court also finds the Class is properly certified as a class for settlement purposes only.  The Court also hereby finds there were no objections to the Settlement filed prior to or raised by any person on the record at the Final Approval Hearing that change the Court's decision to approve the Settlement.

6. As of the date of the Court's Final Order and Judgment, each and every Class Member is and shall be deemed to have conclusively released the Released Claims as against the Released Parties.  As of the date of the Court's Final Order and Judgment, each and every Class Member who has not submitted a valid Request for Exclusion hereby releases and is forever barred and enjoined from instituting or prosecuting the Released Claims, except as to such rights or claims as may be created by the Settlement, against the Released Parties from October 2, 2010 up to and including the date of the Court's Final Order and Judgment.  In addition, as of the date of the Court's Final Order and Judgment, each Class Member who has not submitted a valid Request for Exclusion is forever barred and enjoined from instituting or accepting damages or obtaining relief against the Released Parties relating to the Released Claims from October 2, 2010 up to and including the date of the Court's Final Order and Judgment.

7. Neither the Settlement nor any of the terms set forth in the Stipulation of Settlement is an admission by the Released Parties, nor is the Court's Final Order and Judgment Dismissing a finding of the validity of any claims in the Action or of any wrongdoing by the Released Parties.  Neither the Court's Final Order and Judgment, the Stipulation of Settlement, nor any document referred to herein, nor any action taken to carry out the Stipulation of Settlement is, may be construed as, or may be used as, an admission by or against the Released

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

Parties, of any fault, wrongdoing or liability whatsoever. The entering into or carrying out of the Stipulation of Settlement, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by the Released Parties, and shall not be offered in evidence in any action or proceeding in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of the Court's Final Order and Judgment, the Stipulation of Settlement, the Released Claims, or any related agreement or release. Notwithstanding these restrictions, any of the Released Parties may file in the Action, or submit in any other proceeding, the Court's Final Order and Judgment, the Stipulation of Settlement, and any other papers and records on file in the Action as evidence of the Settlement to support a defense of *res judicata, collateral estoppel*, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims.

8.  The Court hereby enters judgment in the Action, as of the date of entry of the Court's Final Order and Judgment, pursuant to the terms set forth in the Stipulation of Settlement. Without affecting the finality of the Court's Final Order and Judgment in any way, the Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement, and all orders entered in connection therewith.

9.  The Court hereby finds the settlement payments provided for under the Settlement to be fair and reasonable in light of all the circumstances. The Court, therefore, orders the calculations and the payments to be made and administered in accordance with the terms of the Settlement.

10. The Court hereby confirms Thierman Law Firm, P.C. as Class Counsel in the Action.

11. Pursuant to the terms of the Settlement, and the authorities, evidence and argument submitted by Class Counsel, the Court hereby awards Class Counsel attorneys' fees in the amount of $100,000.00, and attorney costs in the amount of $2,500, to be deducted and paid from the Maximum Settlement Amount, as final payment for and complete satisfaction of any

and all attorneys' fees and costs incurred by and/or owed to Class Counsel and any other person or entity related to the Action. The Court further orders that the award of attorneys' fees and costs set forth in this Paragraph shall be administered pursuant to the terms of the Stipulation of Settlement, and transferred and/or made payable to Class Counsel in the Action.

12. The Court also hereby approves and orders Enhancement Awards to Class Representatives Pablo Martinez and Tyrone Armstrong in the amount of $10,000 each to be paid from the Maximum Settlement Amount as set forth in the Stipulation of Settlement.

13. The Court also hereby approves and orders payment from the Class Settlement for actual claims administration expenses incurred by the Claims Administrator, CPT Group, to be paid from the Maximum Settlement Amount as set forth in the Stipulation of Settlement.

14. The Court also hereby finds and orders that the Stipulation of Settlement is and constitutes a fair, reasonable and adequate compromise of the Released Claims against the Released Parties.

15. Provided the Settlement becomes effective under the terms of the Stipulation of Settlement, the Court also hereby orders the deadline for mailing or otherwise delivering the Court-approved Settlement Awards, attorneys' fees and costs, and Enhancement Awards is as set forth in the schedule within the Preliminary Approval Order.

**IT IS SO ORDERED.**

Dated: __12/10/14__

_____
Honorable Andrew P. Gordon
Judge of the United States District Court